UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0254 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| JASON RAY RODRIGUEZ, | |
| Defendant. | |

Katharine T. Buzicky, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Elizabeth R. Duel, RYAN GARRY, ATTORNEY, LLC, for defendant.

Defendant Jason Ray Rodriguez is serving a 70-month sentence after pleading guilty to being a felon in possession of a firearm.  ECF Nos. 20, 32.  This matter is before the Court on Rodriguez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 48.  For the reasons that follow, Rodriguez's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"  The Sentencing Commission has issued

U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Section 1B1.13 was issued when the Bureau of Prisons had the sole authority to bring motions for release under § 3582(c)(1)(A). Unfortunately, § 1B1.13 has not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the Bureau of Prisons, and not to motions filed by defendants on their own behalf. *See United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). The Eighth Circuit has not yet addressed this issue. In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.

Rodriguez argues that there are three "extraordinary and compelling reasons" warranting his release under § 3582(c)(1)(A)(i):  his medical problems, his family circumstances, and his rehabilitation.

Rodriguez suffers from a host of health problems, including obesity, hypertension, hyperlipidemia, a seizure disorder, sleep apnea, severe allergies, gastroesophageal reflux disease, hernias, and various mental-health disorders.  *See, e.g.*, ECF No. 59-1 at 5, 11, 20, 38, 51, 56; Presentence Report ("PSR") ¶¶ 88–94.  Rodriguez argues that, in light of the COVID-19 pandemic, these conditions are extraordinary and compelling reasons justifying his release.  The Court disagrees.

Rodriguez's obesity does indeed increase his risk of severe illness from COVID-19, as may his hypertension.[1]  But Rodriguez received the first dose of the Pfizer vaccine on March 3, 2021 and thus should have received his second dose on or about March 24, 2021.  ECF No. 67 at 35.  Given that Rodriguez is or will soon be fully vaccinated against COVID-19, the Court concludes that Rodriguez's obesity and hypertension are not extraordinary and compelling reasons justifying his release.  *See United States v. White*, No. 15-cr-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) (finding no extraordinary and compelling reasons after defendant received first dose of Pfizer vaccine); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3–4 & n.36 (M.D. Pa. Mar. 11, 2021) (collecting cases and finding no extraordinary and compelling

---

[1] Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, (Mar. 29, 2021) http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

reasons despite the defendant's obesity and type 2 diabetes when defendant had received both doses of the Moderna vaccine).[2]

Rodriguez argues that it is unclear how effective the Pfizer vaccine is, how long its effects will last, and whether it protects against the COVID variants, leaving a risk that he could still become seriously ill. Although all evidence to date is that the Pfizer vaccine is very effective, no one claims that it is 100 percent effective, and thus there remains a small risk that Rodriguez could be infected by COVID-19 and become seriously ill from that infection. But *every* prisoner runs a small risk of *lots* of serious medical conditions (including COVID-19). The small risk that Rodriguez may contract COVID-19 and become seriously ill is simply too speculative to justify his release. *See United States v. Goston*, No. 15-20694, 2021 WL 872215, at *3 (E.D. Mich. Mar. 9, 2021)

---

[2]Rodriguez cites *United States v. Manglona*, No. CR14-5393RJB, 2021 WL 808386, at *1 (W.D. Wash. Mar. 3, 2021), which held "that vaccination during the pendency of the Motion for Compassionate Release . . . does not, in some way[,] trump the Court's consideration of the motion." To the extent that *Manglona* means to say that being vaccinated does not bar a prisoner from receiving compassionate release, this Court certainly agrees. But to the extent that *Manglona* means to say that the fact that a prisoner has been vaccinated is *irrelevant* to whether he or she should receive compassionate release, this Court strongly disagrees, as do "the vast majority of courts that have considered this issue." *Singh*, 2021 WL 928740, at *3; *see also United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Godoy-Machuca*, No. CR-16-01508-001-PHX-DJH, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021); *United States v. Johnson*, No. 3:02-cr-00068-TBR, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. Shepard*, No. 07-85 (RDM), 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021); *United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021).

(finding the potential that the Pfizer vaccine does not protect against variants inadequate to justify release); *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021) ("Although it is currently unknown how long immunity produced by vaccination lasts, based on evidence from clinic[al] trials, the Pfizer-BioNTech vaccine [the defendant] received was 95% effective at preventing COVID-19 illness. The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden." (footnotes omitted)).

Moreover, Rodriguez has already contracted and recovered from COVID-19, and thus he should have natural immunity to the disease, in addition to the immunity that he will gain by being fully vaccinated. Rodriguez argues that he may be reinfected because social distancing is difficult in prison and FCI Pekin is starting to re-open. At present, however, not a single inmate at FCI Pekin is infected, and the facility has fully vaccinated 122 staff and 355 inmates.[3] In short, Rodriguez is a prisoner who has natural immunity to COVID-19, who will soon be fully vaccinated against COVID-19, and who is incarcerated at a facility in which not a single inmate currently has an active COVID-19 infection. Under the circumstances, Rodriguez's medical conditions do not provide an extraordinary and compelling reason to release him. *See United States v. Jennings*, No. 17-264 (DWF/KMM), 2021 WL 827016, at *3 (D. Minn. Mar. 4, 2021) (declining to

---

[3]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Mar. 30, 2021).

grant release based on fear of reinfection); *United States v. Milbrandt*, No. 15-155 (DWF/JSM), 2021 WL 147130, at *3 (D. Minn. Jan. 15, 2021) (finding obesity and risk of reinfection insufficient to constitute extraordinary and compelling reasons); *United States v. Garcia*, No. 16-0333 (DWF), 2020 WL 4018223, at *2 (D. Minn. July 16, 2020) (rejecting reinfection argument since the defendant's previous recovery from COVID-19 "indicates that the BOP was able to properly care for him").

Rodriguez also argues that he has received inadequate medical care for his seizure disorder, allergies,[4] and hernias—three conditions that do not place him at a greater risk of illness from COVID-19. He notes that the pandemic has reduced the availability of medical care for inmates. Rodriguez's medical records indicate, however, that he consistently receives medical care for his conditions (including his seizure disorder and allergies), and that he has had multiple consultations about his hernias. *See* ECF No. 59-1 at 56, 63, 74–78, 82–87, 91–92.

---

[4]Rodriguez asserts that on at least two occasions, he had allergy attacks and his Epipen did not work properly. ECF No. 68 at 7–8. It is unclear to the Court how the malfunctioning of the Epipen is related to Rodriguez's incarceration.

Rodriguez says that he has been waiting for hernia surgery since 2018.[5] The delay is troubling, but does not provide an extraordinary and compelling reason justifying Rodriguez's release, as his medical and assignment records indicate that he is functioning well in prison despite not having had the surgery. *See* U.S.S.G. § 1B1.13, cmt. n.1(A) (noting medical condition must "substantially diminish[] the ability of the defendant to provide self-care" in his correctional facility to be extraordinary and compelling).

Turning to Rodriguez's family circumstances: Rodriguez's wife, two of his wife's children, and his wife's mother suffer from multiple endocrine neoplasia type-1, a hereditary disease requiring frequent medical care. ECF No. 59-7. Rodriguez argues that if he were released he could take them to medical appointments, provide child care, and supplement the family's income. ECF No. 58 at 19.

Although non-binding and not exclusive, § 1B1.13, cmt. n.1(C) identifies two situations in which the Sentencing Commission regards family circumstances as extraordinary and compelling: (1) the death or incapacitation of the caregiver of the defendant's minor children and (2) the incapacitation of the defendant's spouse when

---

[5]At least part of the delay is self-imposed. On January 6, 2020, Rodriguez asked to delay his hernia surgery until after his release from custody. ECF No. 59-1 at 81. Rodriguez then appeared to have a change of heart, as on March 12, 2020, he consulted with a doctor about his hernia, and surgery was scheduled for April 2020. ECF No. 59-1 at 77. The pandemic then hit, and apparently the surgery was indefinitely postponed.

the defendant is the only available caregiver for the spouse.  Neither of these scenarios are present here.  *See United States v. Jordan*, No. 3:18-cr-04496-GPC, 2020 WL 6504958, at *4 (S.D. Cal. Nov. 5, 2020) (noting courts can consider family circumstances outside of those listed in the application note, but using the note as guidance and rejecting release motion based on wife's sickness when the defendant did not show that she was both incapacitated and lacked a caregiver).

      The Court is sympathetic to Rodriguez's family circumstances.  But the fact that Rodriguez's family is suffering a hardship because he keeps committing crimes and getting locked up is, unfortunately, not "extraordinary"; to the contrary, the incarceration of a defendant commonly creates significant hardships for family members.  *See United States v. Mojica*, No. 19-CR-629 (CS), 2020 WL 6746478, at *1 (S.D.N.Y. Nov. 16, 2020) ("[H]ardship on the family almost always results from serious criminal conduct, and rarely rises to the level of extraordinary and compelling."); *United States v. John*, No. 15 CR 208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) ("[I]t is truly unfortunate that [Defendant's] incarceration has placed that burden on his wife; but that does not constitute an extraordinary and compelling reason . . . .").

      Finally, Rodriguez argues that his rehabilitation is an extraordinary and compelling reason supporting his release.  Rodriguez has participated in educational programming, maintained UNICOR employment, and sought drug treatment.  ECF

No. 59-4.  (He also has had two disciplinary infractions.  ECF No. 59-2.)  Rodriguez's commitment to turning his life around is commendable, but this is the kind of rehabilitation that is *expected* of defendants; it is not "extraordinary."  *See* 28 U.S.C. § 994(t); *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020).  In sum, the Court finds that none of the facts cited by Rodriguez—either alone or in combination—provide an extraordinary and compelling reason for his release.

Even if Rodriguez had presented an extraordinary and compelling reason, the Court could not find that his release is consistent with 18 U.S.C. § 3553(a).  Rodriguez is in prison for selling a stolen firearm to an undercover officer while on supervised release.  PSR ¶¶ 10, 65.  His criminal record is very long, with 28 convictions, including seven felony convictions as an adult.  PSR ¶¶ 37–63.  Rodriguez has been sent to jail many times, placed on some form of supervision many times, and fined many times, and yet none of these measures has deterred him from continuing to commit crimes.  To the contrary, he has a terrible record on supervised release.  Given that Rodriguez appears unable or unwilling to stop committing crimes—even while under court supervision—granting his motion for release would not adequately protect the public from him or further the other goals of § 3553(a).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant Jason Ray Rodriguez's motion for compassionate release [ECF No. 48] is DENIED.

Dated: March 30, 2021                               s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge